IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PATRICK PETERSEN,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )          1:22-cv-784 (LMB/JFA)
                                     )
DC MECHANICAL, LLC, et al.,          )
                                     )
            Defendants.              )

ORDER

Pending before the Court is defendants DC Mechanical, LLC, DC Mechanical &

Maintenance, LLC, Joel Blockowicz ("Blockowicz"), and Greg Tucker's (collectively,

"defendants") Motion to Dismiss Plaintiff's Complaint. [Dkt. No. 2].  Defendants filed the

Motion to Dismiss on July 20, 2022, and provided pro se plaintiff Patrick Petersen ("Petersen" or

"plaintiff") with a notice in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

stating:

> 1. This pleading is a dispositive motion.
>
> 2. You are hereby notified that you are entitled to file a response opposing Defendants'
> Motion to Dismiss Plaintiff's Complaint (the "Motion") within twenty-one (21) days
> of the date on which the Motion is filed.  You must also provide a copy to Defendants'
> counsel.
>
> 3. In your response, you must identify all facts stated by Defendants with which you
> disagree, and you must set forth your version of the facts by offering affidavits (written
> statements signed before a notary public and under oath) or by filing sworn statements
> (bearing a certificate that it is signed under penalty of perjury).
>
> 4. The Court could dismiss the action on the basis of the Motion if you do not file a
> response.
>
> 5. You are entitled to file a legal brief in opposition to the Motion.

[Dkt. No. 4].

As of close of business on August 23, 2022, pro se plaintiff has neither filed an opposition to defendants' motion to dismiss nor requested additional time to respond. Accordingly, the Court will evaluate defendants' motion to dismiss on the pleadings.

Defendants move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Rule 12(b)(6) requires a court to dismiss a complaint if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although allegations in a pro se complaint are construed liberally, a pro se complaint must still allege a plausible claim for relief. Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016).

In the first paragraph of the ten-count Complaint, plaintiff alleges that defendants engaged in "activities" that violate "Virginia Codes § 18.2-178, § 18.2-186.3, § 18.2-417, § 32.1-314, § 40.1-27-3 [sic], § 40.1-29.2, § 40.1-33.1, § 40.1-28.7:4, [and] § 54.1-1106 from below." Compl. [Dkt. No. 1] ¶ 1. Although the Complaint does not identify a cause of action for each count, many of the allegations in each count correspond to one of the cited statutory provisions.

Defendants argue that Counts I, II, and IV of the Complaint must be dismissed, because they allege violations of Virginia criminal statutes that do not provide for a private right of action. Count I alleges "obtaining money or signature, etc. by false pretense" and corresponds with Va. Code Ann. § 18.2-178, which criminalizes larceny by false pretense. Count II alleges "identify theft" and corresponds with Va. Code Ann. § 18.2-186.3, which provides criminal penalties for conduct constituting identity theft. Count IV alleges "false statement or representation in applications for payment or for use in determining rights to payment; concealment of facts," corresponding to Va. Code Ann. § 32.1-314, which makes it a felony to

2

make a false statement or representation of material fact relating to payments under medical assistance. A "penal statute or ordinance does not automatically create a private right of action." Black & White Cars, Inc. v. Groome Transp. Inc, 442 S.E.2d 391, 394 (Va. 1991); see Schafer v. Citibank, N.A., No. 1:10-cv-10, 2010 WL 9034653, at *6 (E.D. Va. Aug. 3, 2010) ("Criminal statutes that prohibit certain conduct as opposed to those that seek to protect personal rights are not a viable platform for private civil litigation.") (citing Doe v. Broderick, 225 F.3d 440, 448 (4th Cir. 2000)). Courts in Virginia do not "infer a 'private right of action' based solely on a bare allegation of a statutory violation" or "when the General Assembly expressly provides for a different method of judicial enforcement." Cherrie v. Va. Health Servs., Inc., 787 S.E.2d 855, 858 (Va. 2016). Because none of the cited criminal statutes provide for a private right of action, plaintiff cannot bring a civil claim under them. Accordingly, Counts I, II, and IV of the Complaint must be dismissed.

Count III alleges that defendants "utilized emails and phone calls to slander and libel the [p]laintiff's good name in the construction industry." Compl. ¶ 22. To the extent this Count references a violation of Va. Code Ann. § 18.2-417, which provides criminal penalties for slander and libel, it must be dismissed for the reasons discussed above—plaintiff cannot bring a civil claim under a criminal statute that does not provide a private right of action.

To the extent plaintiff is trying to assert a common law claim for defamation, the Complaint does not allege sufficient facts to state a plausible claim for relief. To state a claim for defamation, a plaintiff must plausibly allege "(1) publication of (2) an actionable statement with (3) the requisite intent." Dragulescu v. Va. Union Univ., 223 F. Supp. 3d 499, 507 (E.D. Va. 2016) (quoting Jordan v. Kollman, 612 S.E.2d 203, 206 (2005)). An "actionable statement" must be both false and defamatory. Id. To be defamatory, the statement must "tend[] to harm

3

the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Lokhova v. Halper, 995 F.3d 134, 145 (4th Cir. 2021).

The Complaint alleges that "[d]efendants willfully and knowingly contacted [plaintiff's] business contacts, vendors and subcontractors via phone calls and emails with [s]landerous and [l]ibel [sic] intent" and "with the sole intent of keeping [plaintiff] from working in the [c]onstruction [i]ndustry." Compl. ¶¶ 11-12. Plaintiff also asserts that "unnecessary, defaming, and derogatory" emails and phone calls "were sent to General Contractors, Onwers [sic] and Employees with slanderous and untrue information," and defendants "contacted potential employees, past employees, and industry colleagues of [plaintiff] to defame and slander his good industry name." Id. ¶ 22. Although plaintiff identifies supposed recipients of the statements, plaintiff does not connect the statements to a particular defendant. Moreover, plaintiff does not provide any information about the content of the statements allegedly made by defendants in phone calls and emails, other than generally characterizing the statements as "unnecessary, defaming, and derogatory." Plaintiff has not alleged facts showing that the statements carry the required "defamatory sting" to one's reputation. Lokhova, 995 F.3d at 145 (quoting Schaecher v. Bouffault, 772 S.E.2d 589, 594 (Va. 2015). For these reasons, plaintiff's conclusory allegations fall short of the level of particularity required to maintain a defamation action. As such, Count III will be dismissed, although out of deference to plaintiff's pro se status, he will be permitted to file an amended complaint to replead a common law defamation claim.

Count V alleges that defendants prevented the "employment by others of [a] former employee," specifically that defendants "were actively in a campaign to keep [plaintiff] from working in the [c]onstruction [i]ndustry," and that defendant Blockowicz and HR/Accounting

Manager Rebecca Martin ("Martin") "actively contacted businesses and executives slandering and defaming [plaintiff's] name in an effort to hide the unlawful acts, profit and gain from his demise by bringing on his clients and contacts and to finally keep [plaintiff] from working in the [c]onstructoin [i]ndustry." Compl. ¶ 24. As defendants point out, to the extent plaintiff asserts a claim under Va. Code Ann. § 40.1-27, which provides criminal penalties for "willfully and maliciously prevent[ing] or attempt[ing] to prevent by word or writing . . . [a] discharged employee or such employee who has voluntarily left from obtaining employment with any other person," Count V must be dismissed. Va. Code Ann. § 40.1-27 is another criminal statute that does not provide a private right of action. See Henderson v. Fairfax-Falls Church Cmty. Serv. Bd., No. 1:18-cv-825, 2018 WL 6037522, at *5 (E.D. Va. Nov. 15, 2018) (declining to infer a private right of action from an alleged violation of Va. Code Ann. § 40.1-27).

To the extent Count V is construed as trying to assert a common law claim for defamation, it fails for the same reasons as Count III fails to state a claim. Although the Complaint connects allegedly defamatory statements to defendant Blockowicz and Martin and identifies supposed recipients of the statements, it does not describe the content of the allegedly defamatory statements, offering no more than conjecture that defendant Blockowicz and Martin were "slandering and defaming [plaintiff's] name." Compl. ¶ 24. As such, Count V will be dismissed, but plaintiff will be permitted to file an amended complaint as to the claim for common law defamation.

Counts VI and VII allege nonpayment of wages. In Count VI, plaintiff asserts that "[d]efendants owe the unpaid wages, and bonuses as set forth within [plaintiff's] offer letter" and alleges "[p]ayroll discrepancies and unlawful practices under the Virginia Code and Federal Labor Laws." Compl. ¶ 25. The Court interprets Count VI to state a claim for unpaid wages

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. In Count VII, plaintiff alleges that defendants failed to pay overtime wages in violation of the Virginia Overtime Wage Act ("VOWA"), Va. Code Ann. § 40.1-29.2. Compl. ¶ 26. Claims under VOWA are interpreted in accordance with the overtime pay provisions and definitions of the FLSA. See Va. Code Ann. § 40.1-29.2.

These claims fail because plaintiff has failed to plead the existence of an employer-employee relationship with defendants. Liability under the FLSA and VOWA is conditioned on the existence of an employer-employee relationship. Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 83 (4th Cir. 2016); Hill v. Pepperidge Farm, Inc., No. 3:22-cv-97-HEH, 2022 WL 3371321, at *2 (E.D. Va. Aug. 16, 2022). To determine whether an employer-employee relationship exists, the Fourth Circuit applies the "economic reality" test, which focuses on "whether the worker is economically dependent on the business to which he renders service or is, as a matter of economic [reality], in business for himself." Kerr, 824 F.3d at 83 (quoting Schultz v. Capital Int'l Sec., Inc., 466 F.3d 298, 304 (4th Cir. 2006)). For determining whether an employment relationship exists, the relevant factors include:

> (1) the degree of control that the putative employer has over the manner in which the work is performed; (2) the worker's opportunities for profit or loss dependent on his managerial skill; (3) the worker's investment in equipment or material, or his employment of other workers; (4) the degree of skill required for the work; (5) the permanence of the working relationship; and (6) the degree to which the services rendered are an integral part of the putative employer's business.

Schultz, 466 F.3d at 304-05. The employee bears the burden of establishing an employer-employee relationship. Kerr, 824 F.3d at 83.

The Complaint does not clearly state that plaintiff is an employee of any of the defendants but only indirectly references employment. For instance, the Complaint states that plaintiff "will show . . . [p]roof of 75-80 work weeks for all 14 months of employment," Compl.

6

¶ 26, and alleges retaliation in the form of "termination of employment," id. ¶ 16. To bring a claim under the FLSA and VOWA, plaintiff must state clear facts alleging that he was an employee of at least one of the defendants (e.g., DC Mechanical, LLC or DC Mechanical & Maintenance, LLC) and that an employer-employee relationship, as defined by the FLSA, existed between plaintiff and any of the defendants.

In addition, defendants argue that Count VI is deficient because it does not allege the amount and extent of any alleged overtime hours worked by plaintiff, that defendants failed to pay plaintiff overtime premium, or that defendants knew of any alleged uncompensated time. Defendants contend that Count VII fails because it does not allege that defendants knew of plaintiff's uncompensated time.

To state a plausible claim for unpaid overtime wages, "a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." Hall v. DIRECTV, LLC, 846 F.3d 757, 777 (4th Cir. 2017). In Count VII, plaintiff asserts that he will "show . . . the Court [p]roof of 75-80 work weeks for all 14 months of employment through cell records, text message records, company emails, testimony, and subpoenas, tallying up to approximately 2,170 . . . hours of overtime worked." Compl. ¶ 26. Earlier in the Complaint, plaintiff alleges that "[d]efendants had employees working over 80-hour weeks for months without resolution, payment or rectifying the causes." Id. ¶ 14. Taken as a whole and construing the allegations in the Complaint liberally, plaintiff's allegations provide a sufficient basis to support a reasonable inference that plaintiff worked uncompensated overtime hours. Nevertheless, because plaintiff has failed to plead that he was an employee of at least one of the defendants within the meaning of the FLSA and VOWA,

7

Counts VI and VII will be dismissed to enable plaintiff to file an amended complaint that adequately alleges violations of the FLSA and VOWA.

Count VIII alleges that defendants "retaliated against [plaintiff] through email, phone call and slanderous actions," Compl. ¶ 27, because he had brought "forward the unlawful, and unethical practices that are cited within this complaint by termination of employment to [plaintiff]," id. ¶ 16. The Complaint also alleges that plaintiff "brought attention in numerous meetings" with Blockowicz, Martin, Greg Tucker ("Tucker"), and other management staff, to "unlawful practices." Id. ¶ 17.

The Complaint identifies two possible causes of action that correspond with Count VIII. The Complaint may allege a violation of Va. Code Ann. § 40.1-27.3, which prohibits an employer from retaliating against an employee because the employee, as relevant here, "in good faith reports a violation of any federal or state law or regulation to a supervisor or to any governmental body or law-enforcement official," "[r]efuses to engage in a criminal act that would subject the employee to criminal liability," or "[r]efuses an employer's order to perform an action that violates any federal or state law or regulation and the employee informs the employer that the order is being refused for that reason."

Even if the Court construes plaintiff's allegations of "unlawful, and unethical practices that are cited within this complaint" liberally to refer to alleged violations of the FLSA, VOWA, or Virginia's contractor licensing statute (discussed infra), plaintiff fails to state a claim under Va. Code Ann. § 40.1-27.3, because, as defendants point out, plaintiff has not alleged sufficient facts showing that the reports he made of "unlawful, and unethical practices" were reports about violations of federal or state law.  Moreover, the Complaint has not alleged that those reports were made to a supervisor or law enforcement, because the nature of plaintiff's relationship with

8

Blockowicz, Martin, Tucker, and other management staff is unclear. Finally, the Complaint does not allege a causal connection between reporting unlawful practices and plaintiff's termination. Without those facts, Count VIII fails to state a plausible claim for relief under Va. Code Ann. § 40.1-27.3.

Count VIII may also allege a violation of Va. Code Ann. § 40.1-33.1, which prohibits an employer from retaliating against an employee or independent contractor who, as relevant here, "[h]as reported or plans to report to an appropriate authority that an employer . . . has failed to properly classify an individual as an employee and failed to pay required benefits or other contributions." The Complaint does not allege that defendants misclassified an individual, nor does it allege that plaintiff reported or plans to report worker misclassification to an appropriate authority. Moreover, Va. Code Ann. § 40.1-33.1 only provides for administrative enforcement of the statute and not a private right of action. An employee who faces retaliation may file a complaint with the Commissioner of the Virginia Department of Labor and Industry, who is authorized to institute proceedings and assess penalties for violations of the statute payable to the Virginia Literary Fund. Va. Code Ann. § 40.1-33.1. Therefore, plaintiff cannot bring a claim under Va. Code Ann. § 40.1-33.1. For these reasons, Count VIII as currently drafted must be dismissed; however, plaintiff will be permitted to file an amended complaint as to a violation of Va. Code Ann. § 40.1-27.3, if he can specify the exact protected activity in which he engaged, the dates of such activity, and who among the defendants was aware of such activity, but not as to a violation of Va. Code Ann. § 40.1-33.1.

Count IX alleges that defendants improperly released plaintiff's "personal identifying information to a mortgage company without prompt, subpoena or directly from [plaintiff] of [sic] the request of the mortgage company," resulting in the termination and withdrawal of plaintiff's

home loan which had already been approved and was scheduled to close on June 9, 2022. Compl. ¶ 28. This Count appears to reference a violation of Va. Code Ann. § 40.1-28.7:4, which provides that "[a]n employer shall not, unless an exemption described in subsection C applies, be required to release . . . to a third party any current or former employee's personal identifying information." As defendants point out, Va. Code Ann. § 40.1-28.7:4 does not prohibit employers from releasing the personal identifying information of a current or former employee to a third party, but only protects employers from being required to share such information. Therefore, Count IX will be dismissed for failure to state a claim for which relief can be granted.

Count X alleges that "[d]efendants operated for over a one-year period without the proper licensing to operate a Class A Contracting business within the Commonwealth of Virginia, State of Maryland, and District of Columbia," and that plaintiff offered to take actions to rectify the licensing issue, but defendants refused, causing "irreparable damages to [plaintiff's] good industry name and credibility." Compl. ¶ 29. This Count appears to allege a violation of Va. Code Ann. § 54.1-1106, which outlines the requirements and procedures for applying for a Class A contractor license with the Virginia Department of Professional and Occupational Regulation. As defendants point out, Virginia's statutory scheme for regulating contractors does not provide for a private right of action for violations of the licensing requirements. Because plaintiff cannot bring a claim alleging a violation of the Class A contractor license requirements, Count X must be dismissed.

For all the reasons stated above, Defendants' Motion to Dismiss Plaintiff's Complaint [Dkt. No. 2] is GRANTED; and it is hereby

ORDERED that Counts I, II, IV, IX, and X of the Complaint be and are DISMISSED WITH PREJUDICE; and it is further

10

ORDERED that Counts III, V, VI, VII, and VIII of the Complaint be and are

DISMISSED WITHOUT PREJUDICE, to allow plaintiff the opportunity to amend these claims

in an amended complaint; and it is further

ORDERED that if plaintiff does not file an amended complaint within thirty (30) days of

receipt of this Order, the dismissal of these Counts will be amended to a dismissal with

prejudice; and it is further

ORDERED that the hearing on defendants' Motion to Dismiss set for Friday, August 26,

2022, be and is CANCELLED.

Because this Order does not constitute a final judgment, it is not appealable.

The Clerk is directed to forward copies of this Order to Patrick Petersen, pro se, and to

counsel of record,[1] and to keep the file open until further order of the Court.

Entered this 24 day of August, 2022.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

---

[1] If defense counsel has an email address for plaintiff, they should send him a copy of this Order
to ensure he knows the hearing set for Friday, August 26, 2022, has been cancelled.

11